UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61540-CIV-COHN/SELTZER

THE KERMANJ FOUNDATION/
BIO-MEDICA AND GENETIC RESEARCH FOUNDATION,
in a Class Action Lawsuit,

    Plaintiff,

v.

BROWARD COUNTY PROPERTY APPRAISER'S OFFICE,
JERROD MATHIAS, JUDITH BONEVAC, ROSHA BANKS,
SHERYL CANTOR-WULTZ and JUANITA MEHU,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS AMENDED COMPLAINT
## ORDER DENYING PLAINTIFF'S MOTIONS

**THIS CAUSE** is before the Court on Defendants Broward County Property Appraiser's Office, Jerrod Mathias and Juanita Mehu's Motion to Dismiss [DE's 4/5/6]; Defendant Sheryl Cantor Wultz's Motion to Dismiss [DE 7], Broward County Value Adjustment Board's Motion to Intervene as Defendant and Motion to Dismiss [DE 8]; Plaintiff's Motions to Strike Motions to Dismiss [DE's 13 and 14] [treated as Responses to Motion to Dismiss], Plaintiff's Counsel's Motion to Withdraw [DE 15], Plaintiff's Emergency Motion to Remove a closely related case from Broward County Circuit Court [DE 21] and Plaintiff's Motion for Sanctions [DE 22] and to Strike [DE 32]. The Court has considered all the filings in this action, and is otherwise advised in the premises.

I.  BACKGROUND

Plaintiff The Kermanj Foundation/Bio-Medica and Genetic Research Foundation ("Kermanj Foundation") filed its complaint and Amended Complaint by and through Dr. Syrous Kermanj, the President of the Kermanj Foundation, "incorporated in the State of Louisiana in August 2004, as a not-for-profit perpetual organization."  Amended Complaint, Appendix B, ¶ 1 [DE 2 at pp. 45-46].  On February 26, 2010, after filing of the motions to dismiss, Attorney S. Tracy Long appeared on Plaintiff's behalf [DE 11].  However, Mr. Long moved to withdraw on March 22, 2010, noting that "Plaintiff has consented to the withdrawal of the law firm at this time."[1]  The Court will therefore grant the motion to withdraw, meaning the Kermanj Foundation is once again proceeding without counsel.

The Amended Complaint is not presented in the traditional manner of separating out each claim within a count.  However, the main argument throughout most of the Amended Complaint is that the Defendants have incorrectly and improperly denied a local property tax exemption to the Plaintiff.  Plaintiff alleges various procedural deficiencies and alleged improper behavior by Defendants, as well as making substantive arguments on the merits of the claim for a local property tax exemption based upon being a scientific research foundation.  The Court assumes that Plaintiff brings this action under either a diversity theory of federal jurisdiction or as a federal

---

[1] Dr. Kermanj continued to litigate this matter himself after Mr. Long appeared in the case.  On March 8, 2010, Dr. Kermanj filed motions to strike Defendants' motions to dismiss, which the Court construes as responses to the motions to dismiss.

question action asserting a civil rights action under 42 U.S.C. § 1983.

Defendants have moved to dismiss this action for several reasons. First, they note that the Kermanj Foundation must be represented by an attorney. Second, the proposed intervenor Broward County Value Adjustment Board argues that the claims fail due to res judicata, the Rooker-Feldman doctrine, and the immunity of the individual defendants. Plaintiff opposes the motions to dismiss and to intervene and seeks sanctions against the counsel of the Broward County Property Appraiser's Office for his alleged threats against Dr. Kermanj.

## II.  DISCUSSION

### A.  Required Representation by an Attorney

It is black letter law that a corporation cannot represent itself and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985). Plaintiff Kermanj Foundation has repeatedly asserted that it is a not for profit foundation and research entity and is not a corporation. This issue is apparently at the heart of the underlying dispute in state court regarding the property tax exemption, and was also a basis for the state court dismissal of a similar action in that Dr. Kermanj could not represent the Foundation in the state court.

This Court's decision only decides the motions to dismiss and the issue of

whether the Kermanj Foundation can be represented in this federal court by Dr. Kermanj, a non-attorney.  It is important for Plaintiff to understand that the precise legal status in Louisiana of the Kermanj Foundation is not material -- whether its an organization, foundation, or non-profit corporation, it is not a natural person, but some type of organization.  The rule requiring corporations to be represented by counsel extends to all non-natural persons, as its purpose is the protection of the courts and the administration of justice.  Numerous other federal courts have concluded that not just for profit corporations must have an attorney to represent it.  <u>Church of the New Testament v. United States</u>, 783 F.2d 771, 773-74 (9th Cir. 1986) (unincorporated association); <u>Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County</u>, 543 F.2d 32, 33 (7th Cir. 1976) (non-profit corporation); <u>MOVE Organization v. U.S. Dept. of Justice</u>, 555 F.Supp. 684, 693 (E.D.Pa 1983) (unincorporated association); <u>Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales</u>, 474 F.Supp. 2d 1133, 1141 (N.D. Cal. 2007) (religious non-profit corporation).

The <u>Strong Delivery Ministry</u> decision involved a civil rights action against a local Board of Appeals which forbade the president and founder of the plaintiff entity from personally representing his organization in tax exemption proceedings pending before the Board.  543 F.2d at 33.  The Seventh Circuit affirmed the federal district court's dismissal of the action for failure of the plaintiff to have an attorney file the federal court action.  The court reasoned that the federal statute allowing parties to plead their own cases, 28 U.S.C. § 1654, has never been extended to permit an individual to act on behalf of a corporation.

This Court agrees with that conclusion in a case that is directly on point to the present action. The Seventh Circuit points out that the real beneficial owner of the claims asserted in the underlying suit regarding tax exemption status, the non-profit corporation, is separable from the interests of its president and founder. The same argument applies here, where Dr. Kermanj and the Kermanj Foundation are in similar positions as the parties in Strong Delivery Ministry.

The Court therefore concludes that this federal action may be dismissed because the Kermanj Foundation must be represented by counsel in this action and cannot be represented by its founder and President, Dr. Syrous Kermanj. As this case has been in this Court for over six months, a sufficient time period has passed for Plaintiff to obtain counsel, and no further extension need be granted.

### B.  Rooker-Feldman Doctrine

Even if the Kermanj Foundation had obtained counsel, an additional ground for dismissal is the Rooker-Feldman doctrine, which provides that no federal court, other than the United States Supreme Court, has the authority to review final judgments of state courts. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Because Plaintiff is essentially seeking appellate review of the state court tax exemption denial, this Court cannot hear such an action. This doctrine also encompasses claims that are "inextricably intertwined" with a state court judgment. Id. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings

commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005).

Despite Plaintiff's arguments to the contrary, there is no statutory authority for a federal district court to hear claims adjudicated by a state court because of alleged corruption or insider favoritism in that state court. The removal statutes of the United States Code contain no such additional category to diversity jurisdiction and federal question jurisdiction.

Although the claims in the Amended Complaint could plausibly be construed as civil rights claims, Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court tax exemption proceedings are somehow void. Under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter. Therefore, the Rooker-Feldman doctrine bars this Court from hearing these claims as they are inextricably intertwined with a state court judgment.

### C.  Tax Injunction Act

A third reason for this Court to dismiss the present action by Plaintiff can be found in the Tax Injunction Act. This statute prohibits this Court from enjoining, suspending or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The case cited by Plaintiff for the authority of this Court to hear this case warrants the opposite conclusion. The United States Supreme Court held that "§ 1341 has been read to restrain state taxpayers from instituting federal actions to

contest their liability for state taxes, but not to stop third parties from pursuing constitutional challenges to tax benefits in a federal forum." Hibbs v. Winn, 542 U.S. 88, 108 (2004).  Plaintiff's contentions to the contrary, Plaintiff is not making a constitutional challenge to tax benefits, but is trying to contest the failure of Broward County to give Plaintiff an exemption from State taxes.  Though Plaintiff states that he is attempting to bring a class action against the Broward County Property Appraiser's Office due to its unfair practices in adjudicating the sought after exemption, this action is in effect an attempt by a taxpayer to "enjoin, suspend or restrain" the assessment of taxes.  Again, though Plaintiff disagrees, there is a remedy available in state courts to fight property tax assessment.  Filing a federal action in this instance is not the proper remedy.

### D.  Remaining Arguments

Although the Court need not address every argument of Plaintiff or Defendants, the Court does deny Plaintiff's emergency motion to remove a closely related case.  Dr. Kermanj has allegedly ignored state court rulings that forbid him from personally litigating on behalf of the Kermanj Foundation, leading to sanctions proceedings against him by counsel for the Broward County Property Appraiser's Office.  As noted above, there are no exceptions to this Court's normal jurisdiction to hear a case pending in state court that can justify removal of such a case as proposed by Plaintiff. In addition to the Kermanj Foundation's need to have counsel represent it before this Court, the Rooker-Feldman doctrine precludes this Court from acting as any kind of

appellate court to state court rulings.

Dr. Kermanj has also repeatedly referenced Rule 24 of the Federal Rules of Civil Procedure, in an apparent attempt to allow him to personally intervene in this case. Rule 24 cannot be used as an end run around the requirement that a non-natural organization such as the Kermanj Foundation must be represented by counsel.  In addition, Dr. Kermanj would have to have standing to pursue the claims in his own individual capacity.  Since the property tax exemption in the underlying state court proceedings apparently relates to property owned by the Kermanj Foundation and not Dr. Kermanj, there would not appear to be such standing.  Even if there was such individual standing, the Rooker-Feldman doctrine would still apply to bar the claims as the relief sought is effectively an appeal of state court rulings and/or judgments.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants Broward County Property Appraiser's Office, Jerrod Mathias and Juanita Mehu's Motion to Dismiss [DE's 4/5/6] and Defendant Sheryl Cantor Wultz's Motion to Dismiss [DE 7] are hereby **GRANTED**;

2. Broward County Value Adjustment Board's Motion to Intervene as Defendant and Motion to Dismiss [DE 8] is hereby **DENIED as moot**;

3. Plaintiff's Motions to Strike Motions to Dismiss [DE's 13 and 14] [treated as Responses to Motion to Dismiss] are hereby **DENIED**;

4. Plaintiff's Counsel's Motion to Withdraw [DE 15] is hereby **GRANTED** and attorney S. Tracy Long is terminated from this case;

5. Plaintiff's Emergency Motion to Remove a closely related case from Broward County Circuit Court [DE 21] and Plaintiff's Motion for Sanctions [DE 22] and to Strike [DE 32] are hereby **DENIED**;

6. This action is hereby **DISMISSED, without prejudice**, for lack of jurisdiction related to Plaintiff's failure to obtain counsel and the Rooker-Feldman doctrine;

7. The Clerk may close this case and deny any other motions as moot;

8. In terminating Plaintiff's counsel, the Clerk shall make sure that Plaintiff's original address is reinstated and is mailed a copy of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of April, 2010.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

(former counsel for Plaintiff shall immediately forward a copy, by electronic means if possible, to Dr. Kermanj)
(counsel for Defendants shall also attempt to forward a copy to Dr. Kermanj by electronic means if possible)