UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61540-CIV-COHN/SELTZER

THE KERMANJ FOUNDATION/
BIO-MEDICA AND GENETIC RESEARCH FOUNDATION,
in a Class Action Lawsuit,

    Plaintiff,

v.

BROWARD COUNTY PROPERTY APPRAISER'S OFFICE,
JERROD MATHIAS, JUDITH BONEVAC, ROSHA BANKS,
SHERYL CANTOR-WULTZ and JUANITA MEHU,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
### ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiff's "Respectful Request for this Honorable Court's Reconsideration of its Order of April 9, 2010" [DE 35], Defendants Broward County Property Appraiser's Office, Jerrod Mathias and Juanita Mehu's Response to Plaintiff's Motion [DE 38], Defendants' Motion for Relief from Unlicensed Attorney Syrous Kermanj's Continuing Pattern of Abusive Conduct [DE 37], and Plaintiff's Objection to "Defendant Gunzberger's Abusive and Offensive Conduct" [DE 40]. The Court has carefully considered all the filings in this action, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff The Kermanj Foundation/Bio-Medica and Genetic Research Foundation ("Kermanj Foundation") seeks pro se relief from this Court's prior dismissal of this action. The Kermanj Foundation filed its complaint and Amended Complaint by and

through Dr. Syrous Kermanj, the President of the Kermanj Foundation, "incorporated in the State of Louisiana in August 2004, as a not-for-profit perpetual organization." Amended Complaint, Appendix B, ¶ 1 [DE 2 at pp. 45-46].  On February 26, 2010, after Defendants moved to dismiss this action, Attorney S. Tracy Long appeared on Plaintiff's behalf [DE 11].  However, Mr. Long moved to withdraw on March 22, 2010 [DE 15].[1]  After consideration of the motions and responses in opposition to the motions to dismiss, the Court granted Defendants' motions, as well as Mr. Long's motion to withdraw, on April 9, 2010.  Order Granting Motions to Dismiss Amended Complaint and Order Denying Plaintiff's Motions [DE 34] (hereinafter, "Order").  Plaintiff now seeks reconsideration of this Court's dismissal of this action.[2]

## II.  DISCUSSION

### A.  Reconsideration Standard

Plaintiff's motion is untimely under Fed. R. Civ. P. 59(e), as it was not filed within twenty-eight (28) days of entry of final judgment.[3]  Rather, Plaintiff's motion must be

---

[1] Plaintiff has filed a new action in this Court against his former attorney.  See Case No. 11-cv-60423-JIC.

[2] Just 90 minutes prior the Court's Order being entered on April 9, 2010, Plaintiff filed a Notice of Voluntary with Prejudice as to Defendants Jerrod Mathias and Juanita Mehu, and without prejudice as to Defendant Broward County Property Appraiser's Office [DE 33].

[3] Even if Plaintiff's motion were timely and filed by an attorney, only three grounds justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to

considered a motion for relief under Fed. R. Civ. P 60(b)(6), which is a catch-all provision stating that a court may relieve a party from a judgment "for any other reason that justifies relief." The United States Circuit Court of Appeals for the Eleventh Circuit has held that such a relief is "intended only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). Plaintiff has failed to meet that standard, as explained below.

### B.  Required Representation by an Attorney

In the Order dismissing this action, the Court explained at length the requirement that a not for profit corporation, as well as other similar types of associations, must be represented by counsel. Order at 3-5. In the present motion, Plaintiff argues that he has tirelessly searched for counsel, having contacted over 170 attorneys, none of whom agreed to take this case. Plaintiff asserts that none of these attorneys "expressed specialization in property tax exemption." Motion at p. 3. Plaintiff requests that the Court appoint an attorney, or allow Plaintiff to represent itself. Upon due consideration, the Court denies the requests. Thus, the present motion can be denied on the grounds that Plaintiff must be represented by counsel.

---

be a tool for relitigating what a court has already decided. Reyher, 900 F. Supp. at 430. Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted). Plaintiff has failed to meet this standard.

**C.  Rooker-Feldman Doctrine**

Plaintiff also contends that the Court's additional ground for dismissal, the Rooker-Feldman doctrine, does not apply because of diversity of citizenship, and because of Florida Statute 44.107.  This Court previously concluded that because Plaintiff was essentially seeking appellate review of a state court property tax exemption denial, this Court cannot hear such an action.  Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  This doctrine also encompasses claims that are "inextricably intertwined" with a state court judgment.  Id.  The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005).

Plaintiff's reference to diversity of citizenship is perhaps an argument that the Court would have independent jurisdiction over Plaintiff's claims.[4]  The Court previously stated that even though the claims in the Amended Complaint could plausibly be construed as civil rights claims, Plaintiff was clearly asking this Court to invalidate the state court action by ruling that the state court tax exemption proceedings are somehow void.  Order at 6.  Under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter.  Therefore, the Rooker-Feldman doctrine bars this Court from hearing these claims as they are inextricably intertwined with a state court judgment.

---

[4] Plaintiff's reference to Florida Statute 44.107 does not apply, as this statute refers to immunity for arbitrators, mediators and mediator trainees.

### D.  Tax Injunction Act

Plaintiff also attempts to relitigate the Court's conclusion that the present action by Plaintiff is barred by Tax Injunction Act.  This statute prohibits this Court from enjoining, suspending or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Plaintiff continues to rely on  <u>Hibbs v. Winn</u>, 542 U.S. 88, 108 (2004), with the same arguments previously rejected by the Court.  Order at 6-7.  No reconsideration of the Court's conclusion is warranted.

### E.  Defendants' Motion for Relief from Plaintiff's Abusive Conduct

Defendants seek for the Court to treat Plaintiff's Motion for Reconsideration as a nullity, to order Syrous Kermanj to immediately ease engaging in the unlicensed practice of law, and immediately cease filing any further pro se motions in this action, and grant any other relief this Court deems just and proper.  While the Court recognizes Defendants' frustrations with having to respond to Mr. Kermanj's filings, his conduct in this Court up to this point does not warrant imposition on a ban in filing motions in this action.  There are no further motions to file, as this case remains dismissed with denial of this Rule 60(b)(6) motion.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's "Respectful Request for this Honorable Court's Reconsideration of its Order of April 9, 2010" [DE 35] is hereby **DENIED**;

2. Defendants Broward County Property Appraiser's Office, Jerrod Mathias and Juanita Mehu's Motion for Relief from Unlicensed Attorney Syrous Kermanj's Continuing Pattern of Abusive Conduct [DE 37] is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of May, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:

counsel of record and Plaintiff, via CM/ECF mail